UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUCIANO MORIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-364 |
| | § | |
| AIG PROPERTY CASUALTY | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING REMAND AND GRANTING MOTIONS TO DISMISS

This is an insurance coverage dispute. Defendants AIG Property Casualty Co. (AIG) and National Union Fire Insurance Co. of Pittsburgh, Pa. (National Union) removed the case to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332; D.E. 1. In so doing, they alleged that non-diverse Defendant, Allis-Chalmers Energy, Inc. (ACE) was improperly joined. Before the Court is Plaintiff's Motion for Remand (D.E. 11), defending the joinder of ACE and further challenging that the amount-in-controversy requirement of 28 U.S.C. § 1332 was met. Also pending are ACE's Motion to Dismiss for Failure to State a Claim (D.E. 6) and Rule 21 Motion to Dismiss (D.E. 9). For the reasons set out below, the Court DENIES the motion to remand and GRANTS the motions to dismiss.

### THE CONTEXT OF THE DISPUTE

Plaintiff, Luciano Morin (Morin) and Roel Daniel Galvan (Galvan) were both employees of ACE and, on or about October 16, 2010, had gone out drinking together at

a Chili's Bar and Grill, using an ACE company truck. D.E. 1-2, p. 11; D.E. 1-3, pp. 6, 10, 42. While there appears to be a disagreement as to who was driving, the two were in the truck when the driver lost control, causing the vehicle to leave the roadway and roll over, ejecting the occupants. As a result, both Morin and Galvan were injured, and they have sued each other, along with entities responsible for the Chili's restaurant in the 229th Judicial District Court, Duval County, Texas. *Id*. This action will be referred to as the PI Action.

In the PI Action, Galvan at one time sought personal injury damages "not to exceed $1,000,000" from Morin. D.E. 1-3, pp. 8, 20. Later, Galvan added claims relating to attorney conflicts of interest and claimed "relief in excess of $1,000,000." D.E. 1-3, p. 63. Morin apparently reached a settlement with the Chili's organization for $300,000, from which Galvan hopes to recover in whole or in part. D.E. 1-3, p. 30. In this case, Morin claims that he, also, was severely and permanently injured in the rollover. D.E. 1-2, p. 11.

Morin and Galvan gave notice of the PI Action to AIG and National Union, who are allegedly insurance carriers on liability policies that they issued to ACE, demanding a defense of the respective claims each made against the other. D.E. 1-2, pp. 11-12. AIG and National Union allegedly denied coverage on the basis that neither the driver nor the truck were covered under any policy issued to ACE. In a plea in abatement, AIG claims that it is not an insurance carrier and did not issue any policy of insurance involved in this case. D.E. 1-2, pp. 22-23.

Morin's pleading in this case does not make any claims of wrongdoing against ACE. D.E. 1-2, pp. 10-13. Consequently, pursuant to Fed. R. Civ. P. 12(b)(6), ACE has filed a Motion to Dismiss for Failure to State a Claim (D.E. 6). Morin has not responded to that motion. ACE also filed a Rule 21 Motion to Dismiss (D.E. 9) on the basis that it is an unnecessary non-diverse party and has no interest in this controversy. Morin has responded to the Rule 21 motion. D.E. 14. However, the response is conclusory in its allegation that ACE is a necessary party because it has an interest that would be affected by the declaratory relief sought. *Id*. at 2.

With respect to his motion to remand, Morin states that ACE is a proper party because it may claim an interest that would be affected by the declaratory relief requested. D.E. 11, p. 3. Morin provides no specification of what interest ACE has that would be affected, given that there is no indication of any claim being made against ACE in the PI Action or elsewhere for which it would need coverage. ACE specifically disclaims any such interest.

## DISCUSSION

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). As demonstrated above, Morin does not actually allege a claim against ACE. Instead, he alleges that ACE might have an interest in the proceedings. But he has provided no concrete elucidation of what any claim or interest might be, despite at least four opportunities to do so: his pleading, his motion for remand, and responses to two motions to dismiss. Without Morin detailing what ACE's interest might be and with ACE disclaiming any such interest, the Court finds that Morin has no claim against ACE in this case. Consequently, the citizenship of ACE is disregarded for diversity jurisdiction purposes. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993). It is undisputed that the remaining parties are diverse.

With respect to the amount in controversy, Morin has not expressly stated that the amount does not exceed $75,000. Instead, he complains that AIG and National Union

have not satisfied their burden of proof that it does. D.E. 11, p. 3. Yet, Morin has claimed "severe and permanent injuries," has recovered $300,000 to date by way of settlement, and is subject to a claim by Galvan that may exceed $1,000,000. Under such circumstances, the Court may infer that the amount in controversy exceeds $75,000 exclusive of interest and costs. *See generally*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, the amount-in-controversy requirement is satisfied.

## CONCLUSION

For the reasons set out above, the Court finds that ACE is improperly joined, the citizenship of the remaining parties is diverse, and the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court may exercise diversity jurisdiction over this matter and the Court DENIES Morin's Motion for Remand (D.E. 11). The Court further GRANTS ACE's Motion to Dismiss for Failure to State a Claim (D.E. 6) and Rule 21 Motion to Dismiss (D.E. 9).

ORDERED this 6th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE