UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUCIANO MORIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-364 |
| | § | |
| AIG PROPERTY CASUALTY | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (D.E. 3). Luciano Morin (Morin) filed suit in state court seeking a declaratory judgment that AIG Property Casualty Co. (AIG) and National Union Fire Insurance Co. of Pittsburgh, PA (National Union) owe him insurance coverage with respect to claims made against him arising out of an automobile accident. D.E. 1-2, pp. 10-13. The case was removed to this Court pursuant to diversity jurisdiction. 28 U.S.C. § 1332. Since that time, Morin dismissed AIG from this case. D.E. 13. Morin continues to prosecute this case against National Union.

National Union seeks dismissal under Fed. R. Civ. P. 12(b)(6) for Morin's allegedly insufficient allegations under federal pleading rules. D.E. 3. Declaratory judgment regarding insurance requires application of the eight corners rule, comparing the terms of the policy with the pleading alleging liability against the purported insured to determine if the claims are covered. *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 393 (5th Cir. 1995); *National Union Fire Ins. Co. v. Merchants Fast Motor Lines*,

939 S.W.2d 139, 141 (Tex. 1997). The underlying pleadings asserting claims against Morin have been supplied to the Court. D.E. 1-3. Morin has identified the policy number of the policy under which he claims coverage, however he has neither tendered the policy nor identified in his pleading any particular terms of the policy that entitle him to the relief he seeks. *See* D.E. 1-2, p. 11.

Morin has responded that, because the policy was issued to his employer, he does not have a copy of the policy. Thus he does not have the information on which to base more specific allegations or a fuller response to the motion to dismiss. D.E. 12. Nothing in the record controverts Morin's assertion that he has not had access to the policy. The Court will not hold Morin to a pleading standard that he cannot satisfy so long as the information necessary for him to comply is in the exclusive possession of National Union or others over whom Morin does not have control. The motion to dismiss is DENIED.

ORDERED this 6th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE